87 317
39ap660

LOUISA BECKER, Individually and as Executrix and Trustee, etc., of DANIEL BECKER, Deceased, and Others, Respondents, *v.* THE MANHATTAN RAILWAY COMPANY and Another, Appellants.

*Testimony of a party, rendered unreliable by want of memory as to other facts.*

The testimony of a party to an action, upon which the judgment rendered therein in her favor was largely based, is insufficient to sustain the judgment if it is rendered unreliable by her incorrect testimony in one instance, and her failure to remember certain facts and circumstances as likely to be in her memory as those facts upon which the case depended, and in respect to which latter she testified with great particularity.

APPEAL by the defendants, The Manhattan Railway Company and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of November, 1894, upon the decision of the court rendered after a trial at the New York Special Term, awarding the plaintiffs damages, and enjoining and restraining the defendants from maintaining or operating their elevated railway structure

in front of the plaintiffs' premises unless within a specified time the said defendants acquire by condemnation proceedings the title to the easements belonging to the plaintiffs.

*J. C. Bushby,* for the appellants.

*J. A. Weekes, Jr.,* for the respondents.

PER CURIAM:

The judgment which was awarded in this case depends largely upon the testimony of the plaintiff. An examination of the evidence given by her shows that she was able to tell the story which she had learned; but when taken from that which she had evidently committed to memory, she was utterly unable to testify as to circumstances which were as likely to be in her memory as those in respect to which she had given evidence. She testified with great distinctness as to the rents received in 1870, but was unable to remember the names of any of the tenants at other times or to give the rents of other years with the certainty of those of 1870. When she did attempt to do so, in one instance at least, she was shown by the evidence of the tenant not to have testified correctly. This obliviousness upon the part of the witness in reference to other periods of time in which rents were collected necessarily rendered all her testimony unreliable.

We think, therefore, that no basis was laid for the judgment which was given, and the same should be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment reversed, new trial ordered, costs to appellants to abide event.